Motion to dismiss appeal as to E. W. A. Peake allowed September 11, 1917.

Argued on the merits July 18, affirmed September 17, supplemental opinion filed September 24, rehearing denied November 19, 1918.

# LOMBARD *v.* BIETAU.

(167 Pac. 310; 174 Pac. 1165, 1167.)

**Appeal and Error—Stipulation—Rule of Court—Oral Argument.**

1. In view of Rule 22 of the Supreme Court (56 Or. 623, 117 Pac. xii), providing that all motions, unless otherwise ordered, must be submitted without oral argument, and on printed or typewritten briefs, where the records of the Supreme Court fail to show that any application has been made or order granted permitting oral argument of the motion to dismiss appeals when the cause is heard or at any other time, the attorney's stipulation that the motion be argued in the Supreme Court when the cause is heard on the merits will be disregarded.

**Appeal and Error—Acquiescence in Decree—Statute.**

2. Under Section 549, L. O. L., providing that any party to a decree other than one given by confession or for want of an answer may appeal, in suit to foreclose a real estate mortgage, where a defendant denied that he had any or claimed to have any interest in the property, also consenting that decree might be rendered on the pleadings against him, his acquiescence having been acted upon, he had no appealable interest in the final decree.

## ON THE MERITS.

**Mortgages—Invalidity as Between Parties—Mortgage to Self.**

3. Mortgage from holder of bare legal title to real and equitable owner as between parties was void, as being equitably a mortgage from equitable owner to himself.

**Mortgages—Mortgage to Self—Lien—Assignment.**

4. Mortgage made to a real equitable owner of property by his own agent and for his own purposes gave him no lien on property; neither could any assignment thereof convey equitable right to any but innocent purchaser, who can have benefit of it only to extent of claim.

From Multnomah: JOHN P. KAVANAUGH, Judge.

In Banc. Statement by MR. JUSTICE MOORE.

This is a suit to foreclose a real estate mortgage executed by the defendant Wanda Bietau to the plaintiff, B. M. Lombard, on account of which lien there remained due, when this suit was instituted, $1,405 with

interest at six per cent per annum from June 29, 1915. The complaint is in the usual form and alleges that the defendants E. W. A. Peake, Ursula E. Young, George R. Hogshire, and Jane, his wife, have or claim some interest in the real property so mortgaged, but that the estate of either therein, if any, is inferior to the lien of the plaintiff.

The defendants Wanda Bietau and E. W. A. Peake separately answered admitting most of the averments of the complaint, but denying that either of the original defendants had or claimed any interest or estate in the mortgaged premises. Harriet E. Good was subsequently made a party defendant. The defendants Ursula E. Young, George E. Hogshire, and Jane, his wife, though duly served with process, failed to appear or answer, and the default of each was entered of record. Harriet E. Good separately answered, alleging the execution to her by Wanda Bietau of a first mortgage of the premises to secure the payment of $3,750, with interest at seven and one-half per cent per annum from May 29, 1915, to recover which amount a decree was prayed for directing a foreclosure of the latter mortgage and a sale of the real property.

Replies by the plaintiff put in issue the allegations of new matter in the separate answers. The court, on April 25, 1916, upon motion of the defendant Harriet E. Good rendered a decree upon the pleadings against Wanda Bietau and E. W. A. Peake, the latter defendants consenting thereto. The cause was tried and a final decree given November 14, 1916, foreclosing both mortgages but making Harriet E. Good's lien inferior to that of the plaintiff. From this decree she and E. W. A. Peake undertake to appeal. The transcript having been sent up plaintiff's counsel move to dismiss the appeal as to Peake on the ground that he

consented to the decree which was given on the pleadings. The attorneys for the respective parties stipulate that the motion may be argued in this court when the cause is heard on the merits.

Appeal Dismissed as to E. W. A. Peake.

*Messrs. Littlefield & Maguire,* for the motion.

*Messrs. Howland & Nolan* and *Mr. Guy C. H. Corliss,* contra.

MOORE, J.—1. Rule 22 of this court reads:

"All motions, unless otherwise ordered, must be submitted without oral argument and on printed or typewritten briefs, copies of which shall be served in the manner and within the time prescribed by Rule 23": 56 Or. 623 (117 Pac. xii).

Our records fail to show that any application has been made or order granted permitting an oral argument of the motion when the cause is heard or at any other time. Such being the case the stipulation will be disregarded.

2. Considering the motion filed in this court the statute so far as involved herein reads:

"Any party to a judgment or decree other than a judgment or decree given by confession or for want of an answer may appeal therefrom": Section 549, L. O. L.

The answer of Wanda Bietau and E. W. A. Peake contains a clause as follows:

"Deny that these defendants or either of them, have or claim to have, any interest in the real property described in said complaint."

It will also be remembered that Peake consented that a decree might be rendered on the pleadings against

him.   Such acquiescence having been acted upon he
has no appealable interest in the final decree.   As to
him the motion to dismiss should be allowed, and it is
so ordered.

APPEAL DISMISSED AS TO E. W. A. PEAKE.

ON THE MERITS.

Department 1.

This is a suit to foreclose a purchase-money mort-
gage.   In our judgment the findings of the court below
are  substantially in accord with the testimony, this
statement being largely a brief synopsis thereof.   On
May 28, 1912, plaintiff was the owner of Lots 25 and
26, Brazee Street Addition to the City of Portland,
and at about said date he entered into an agreement
with E. W. A. Peake to give a purchase-money mort-
gage on the property for said sum.   It was further
agreed that if Peake would erect a residence on said
property, which should cost not less than $4,750, plain-
tiff would postpone his mortgage of $1,890 in favor
of a building and loan mortgage to be placed thereon
by Peake in the sum of $3,750; that at the instance
and upon the representations of said defendant E.
W. A. Peake, and for the express purpose of enabling
the said E. W. A. Peake to float and negotiate said
building loan mortgage and obtain and procure the
necessary funds to complete said building, plaintiff
agreed to execute a conveyance of said property to
the defendant, Wanda Bietau, as agent and representa-
tive of the said defendant, E. W. A. Peake, and in trust
for him and that the defendant, Wanda Bietau, should,
simultaneously with the execution of said mortgage
of $1,890 to plaintiff, execute a mortgage in favor of
the defendant, E. W. A. Peake, in the sum of $3,750,

to be negotiated and sold by the said defendant, E. W. A. Peake, for the purpose of obtaining the necessary funds to build the residence upon said property hereinbefore referred to. That complying with such agreement, plaintiff conveyed the property to defendant Bietau, who executed in favor of Peake a note and mortgage thereon for $3,750, with interest at the rate of 8 per cent, payable May 29, 1915. At the same time defendant Bietau executed in favor of plaintiff her promissory note and a mortgage upon the property for the sum of $1,890 with interest at 6 per cent per annum, payable in monthly installments of $25 each, the first payment to be made August 29, 1912. That on and between August 30, 1912, and September 2, 1914, there had been paid upon the principal sum due on said mortgage $485, and that between August 29, 1912, and June 29, 1915, there had been paid as interest $295.81, leaving due thereon at the date of the decree the sum of $1,405, with interest at the rate of 6 per cent from June 29, 1915. That the defendant, Wanda Bietau, at all times mentioned herein and in holding title to said real property and in executing the various notes, mortgages, deeds and assignments herein referred to, was an agent for the defendant E. W. A. Peake, and acted for him and in his behalf and had and has no right, title or interest in and to said real property, with the exception that she held the legal title thereto as a convenience and for the benefit of the defendant, E. W. A. Peake, and that the said E. W. A. Peake was in truth and in fact the real person in interest and the owner of the property at the time the said mortgage of $3,750 was executed in his favor. That the mortgage executed in favor of the defendant E. W. A. Peake, and the mortgage executed in favor of the plaintiff herein were both executed to carry

into effect the agreement between the plaintiff and the defendant, E. W. A. Peake. That the mortgage executed by the defendant, Wanda Bietau, to the defendant, E. W. A. Peake, was a mere convenience adopted by the parties to enable the defendant E. W. A. Peake to negotiate the mortgage and raise money, and that no money passed between the original parties, and that the said Wanda Bietau did not borrow any money from the defendant, E. W. A. Peake. That the said E. W. A Peake did not negotiate said mortgage to any person for the purpose of procuring a building loan, and that said property belonged to him at the time the defendant Wanda Bietau executed the mortgage to him, and that as between the defendants, Wanda Bietau and E. W. A. Peake and the plaintiff herein, the said mortgage is null and void. That subsequent to the twenty-ninth day of May, 1912, the defendant E. W. A. Peake built a residence upon said premises, but said residence did not cost the sum of at least $4,750, and did not cost over the sum of $4,100. That on or about the fourteenth day of September, 1912, the defendant Wanda Bietau conveyed the real property described in said mortgage and subject to the mortgage executed in favor of the defendant, E. W. A. Peake, and the mortgage in favor of this plaintiff to Ursula E. Young, who is now the owner and holder of the title to said real property. That thereafter, to wit, on July 1, 1914, the defendant, E. W. A. Peake, assigned the mortgage executed in his favor by Wanda Bietau for $3,750 to the defendant, Harriet E. Good, but that said assignment was not placed of record until October 29, 1915, which was after the commencement of this suit by the plaintiff. That the terms and conditions of said mortgage of $3,750 are broken and that said mortgage is liable to foreclosure, for the

reason that said sums of money have not been paid
according to the tenor and effect of said note and mort-
gage, and that said mortgage is now past due and there
is due and payable upon said first mortgage the sum of
$3,750 with interest thereon from May 29, 1914. That
in and by the terms of said promissory note and said
mortgage so executed on May 29, 1912, said defend-
ant Wanda Bietau promised and agreed, in the event
of foreclosure of said mortgage, she would pay such
additional sum as the court might adjudge reasonable
as attorney's fees, and that the sum of $225 is a rea-
sonable sum to be allowed by this court as attorney's
fees herein. That some time during the year 1914, the
defendant E. W. A. Peake borrowed from the defend-
ant Harriet E. Good the sum of one thousand dollars,
and thereafter the said E. W. A. Peake assigned to
the said Harriet E. Good as collateral security only
the said mortgage for $3,750 executed by the defendant
Wanda Bietau, in favor of the defendant Peake. That
said note for $1,000 executed by the defendant Peake
in favor of Harriet E. Good bears date of May 29,
1914, but that said date is not the true date nor was
the same executed on that date, and it was not executed
before the month of July, 1914. That the defendant
Peake is indebted to the defendant Harriet E. Good in
the sum of $1,000, with interest thereon at the rate
of 8 per cent per annum from July 1, 1914, and that
said Harriet E. Good holds as collateral security said
Wanda Bietau note and mortgage to secure the pay-
ment of said indebtedness. That the defendant Har-
riet E. Good is entitled to a priority of $1,000 with
interest thereon at the rate of —— per cent per annum
from July 1, 1914, over the plaintiff B. M. Lombard,
and to an attorney's fee in the sum of $100. That the
plaintiff Lombard did not agree to extend the time of

any or all of the payments on the mortgage described in plaintiff's complaint, and had no agreement of any kind with the defendant, Ursula E. Young with reference to any extension. That the plaintiff did not accept Ursula Young as the new and principal debtor with reference to the mortgage for $3,750 executed by Wanda Bietau to E. W. A. Peake, and did not accept the defendant Ursula E. Young as a new and principal debtor as to the mortgage of $1,890 executed by the defendant Wanda Bietau to the plaintiff, B. M. Lombard, and that plaintiff did not make any new or different or separate agreement with reference to the time and terms of payment of said note and mortgage of $1,890 with the defendant, Ursula E. Young, but the plaintiff did agree with the defendant, Wanda Bietau that the terms of said payment on said note and mortgage should and would be and were changed from $25 per month and interest to $20 per month and interest.

There was a decree in favor of plaintiff in accordance with the findings, and defendants Peake and Good appeal.                                    AFFIRMED.

For appellants there was a brief over the names of *Messrs. Howland & Nolan* and *Mr. Guy C. H. Corliss,* with oral arguments by *Mr. B. J. Howland* and *Mr. Corliss.*

For respondent there was a brief over the name of *Messrs. Littlefield & Maguire,* with an oral argument by *Mr. Robert F. Maguire.*

McBRIDE, C. J.—3. The deed from plaintiff to Bietau conveyed the bare legal title, the real and equitable ownership being in Peake, and the mortgage from Bietau to Peake was as between them void, being

equitably a mortgage from Peake to himself. By failing to use it for the purposes agreed upon, namely: negotiating it to third parties or a building and loan association to secure money to erect the proposed building, Peake committed a fraud upon plaintiff, of which equity will take cognizance. If Peake had complied with his agreement and erected a building costing $4,750, which would have required the expenditure of $1,000 of his own money in addition to the $3,750 to be borrowed from some building and loan association, he would have been compelled to keep up the payments on the mortgage in order to protect his own investment, and plaintiff's second mortgage would thereby have been safer as a security. But being himself the real party interested in the first mortgage, he could by failure to pay it allow the interest to accumulate until it would actually amount to enough to eat up the whole value of the property and render plaintiff's second mortgage, which was a purchase-money mortgage, wholly worthless as a security. The evidence indicates and the court finds that Peake did not erect a house costing $4,750 as he agreed to do, but built one costing $650 less. Having put less money into the building than was stipulated, it is obvious there would be no reason for him to protect his investment and thereby protect plaintiff's second mortgage.

4. The learned discussion as to merger of the legal and equitable titles has no place here. This is an equitable proceeding and the court is chiefly interested in determining who was the real and equitable owner of the property, rather than who held the bare legal title. Peake was the real owner and the mortgage made to himself by his own agent and for his own purposes gave him no lien on the property, neither would any assignment thereof convey any

equitable right to any but an innocent purchaser. The court found that it had been assigned to Miss Good as security for a loan of $1,000 made to Peake, and while Miss Good's testimony in regard to this is somewhat contradictory, it seems probable that such a loan was made and is yet unpaid. That fact is not questioned by plaintiff, so the case stands in this position; as between plaintiff and Peake and Bietau the mortgage is void. Miss Good being an innocent holder without notice is entitled to the benefit of it to the extent of her claim. This is all that she could exact even if it were perfectly valid as to all parties. It is true, as shown in *King* v. *Miller,* 53 Or. 53 (97 Pac. 542), that an assignee of a chose in action given as collateral may maintain an action in his own name to recover the full amount due upon such collateral obligation, the disposition of the surplus over and above the amount of the claim secured being left to future adjustment between the parties thereto, or in case of disagreement to a court of equity. The case cited was an action at law. Here we have all the parties before the court in an equitable proceeding. Defendant Good is entitled in equity to be paid the amount she has advanced on the faith of the mortgage, because to that extent she is a holder in good faith and equitably the amount of her loan and interest is all she could hold even as against Peake or Bietau. As to plaintiff and Peake and Bietau, the mortgage is void and what would equitably have been the extent of Peake or Bietau's interest had the mortgage been valid, disappears for that reason.

This appears to be in accord with the general trend of the cases cited in the notes to Sections 206, 214, 215, 216 and 218, pp. 999 and 1006, 5 Corpus Juris.

Finding no error in the decree of the Circuit Court it will be affirmed.

AFFIRMED.    REHEARING DENIED.

BURNETT, BENSON and HARRIS, JJ., concur.

---

Supplemental opinion to decision rendered September 17, filed September 24, 1918.

SUPPLEMENTAL OPINION.

McBRIDE, C. J.—In the opinion heretofore filed in this case the writer overlooked the fact that the appeal had been dismissed as to appellant Peake, the opinion upon dismissal having been rendered by Mr. Justice MOORE and appearing in 167 Pac. 310. Peake was therefore out of the case. This fact makes no difference so far as the opinion heretofore rendered is concerned, and is noted so the statement of the case in the opinion rendered September 17, 1918, may conform technically to the fact.